Byron Henry THOMPSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M-76-147.

Court of Criminal Appeals of Oklahoma.

Aug. 26, 1976.

Rehearing Denied Sept. 30, 1976.

Roehm A. West, and Carol J. Russo, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Byron Henry Thompson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. TR–75–6445, for the offense of Negligent Homicide, in violation of 47 O.S.1971, § 11–903. His punishment was fixed at a fine of Five Hundred ($500.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

The testimonies of the State's first two witnesses, Larry Gene Moheng and Flint Caves, were substantially the same. At approximately 2:00 on the afternoon of July 22, 1975, these witnesses were traveling together in a truck proceeding in a northerly direction on South Garnett Road in Tulsa, Oklahoma. Also traveling in a northerly direction, approximately 30 yards ahead of the witnesses' vehicle, was David Bruce Clift, the victim, who was operating a motorcycle. The witnesses further testified that Garnett Road at this point is a two lane road paved with asphalt. The motorcycle, operated by the victim, was on the right side of the right lane, traveling at a speed of approximately 30 to 35 miles per hour. The witnesses then testified that a Chevrolet Nova, which had been traveling south on South Garnett Road turned left across the lane of the motorcycle at an estimated speed of two to three miles per hour. This left-hand turn of the vehicle was negotiated at a distance of approximately 25 yards in front of the motorcycle. Before the automobile was able to completely cross through the lane the victim's motorcycle struck the rear tire of the automobile, throwing the victim into the rear quarter panel of the car. Although both witnesses testified that they had not seen the car give a left turn signal, they admitted that they had not paid much attention to the actions of the car prior to the accident. The witnesses testified that immediately after the impact the defendant jumped from his car to assist the victim.

The State's last witness was Officer Charles E. Pierce, a policeman for the City of Tulsa assigned to Traffic Division. On the day in question Officer Pierce was dispatched to investigate the scene of this accident. During his testimony, based on his investigation, he related that the operator of the motorcycle applied his brakes at a distance of 59 feet prior to impact. After the motorcycle had skidded 23 feet it swung sideways, leaving 36 feet of sliding marks before striking the car in the right rear quarter. The officer also noted that

during his investigation he discovered that the victim was not licensed to operate a motor vehicle in the State of Oklahoma and that the motorcycle did not bear a current safety inspection sticker.

The traffic report of the officer revealed that the defendant, just prior to the accident, had been traveling in an easterly direction approaching Garnett Road. From this easterly direction, the defendant turned south onto Garnett Road, immediately realizing that he had intended to turn north. The defendant, observing no one approaching him in the left lane, turned left into a private drive for the purposes of turning his vehicle around. Just before the defendant entered the private drive he felt a slight bump from the rear of his car. The defendant then got out of his car and discovered the victim lying in the road.

Thereafter, the State rested its case and the defendant, not desiring to offer any evidence, stipulated to the fact of the victim's death and the cause thereof.

In this case the defendant and the State have both requested that this court arrive at a definitive interpretation of the standard "in reckless disregard of the safety of others" as used by the legislature in 47 O.S.1971, § 11–903(a). Before a conviction can be sustained under this statute the jury must conclude from the evidence that the defendant's conduct in operating his motor vehicle came within a degree of negligence equivalent to the one above stated. The State and the defendant both assert that this standard has not been adequately defined for the purpose of applying it to a factual situation. However, both the State and the defendant have offered, after presenting their own analysis of the law, what they each believe the standard to be.

The defendant requests this Court, on the basis of its argument and authorities, to conclude that the standard of "reckless disregard" contemplates more than ordinary negligence. The defendant then proposes that this Court find that his conduct amounted only to ordinary negligence, thus necessitating a reversal of his conviction.

■ It is the opinion of this Court that the State quite correctly analyzed the case law in arriving at the conclusion that the definition of reckless disregard is precisely the same as the definition of culpable negligence under 21 O.S.1971, § 716.

In *Atchley v. State,* Okl.Cr., 473, P.2d 286 (1970), this Court held that the enactment of 47 O.S.1971, § 11–903 (negligent homicide) impliedly repealed 21 O.S.1971, § 716 (manslaughter in the second degree) to the extent that motor vehicles were involved. After examining these two statutes in depth we held that in order to sustain a conviction for either crime the identical elements must have been proven. The inconsistency between these statutes existed in that the offense under 21 O.S.1971, § 716, was punishable as a felony and the offense under the negligent homicide statute was punishable as only a misdemeanor. In coming to the decision that these two statutes were identical, we analyzed the standards of conduct set forth in both of these statutes and held:

> [A] thorough examination of the two statutes in question reveal that the crime element established by the latter statute [47 O.S. § 11–903, Reckless disregard for the safety of others] and the elements of manslaughter second degree [21 O.S. § 716, Culpable Negligence] disclose that the substance of the crime in each case is the operation of an automobile with reckless disregard for the safety of others, thereby causing the death of another. Thus, we find two statutes providing for the punishment of identical acts, . . . "

■ Quite clearly then, the standard in 47 O.S., § 11–903, is the same standard we applied in all of the cases which arose under 21 O.S., § 716. The definition of culpable negligence as established by this Court, under 21 O.S., § 716, was set forth in *Freeman v. State,* 69 Okl.Cr. 164, 101

P.2d 653 (1940), and *Crossett v. State,* 96 Okl.Cr. 209, 252 P.2d 150 (1952), as follows:

".  .  . Culpable negligence is the omission to do something which a reasonable and prudent person would do, or the want of the usual and ordinary care and caution in the performance of an act usually and ordinarily exercised by a person under similar circumstances and conditions."

With this in mind, it is unnecessary to attempt to categorize this definition as ordinary negligence, gross negligence, or as any other degree of negligence. What is of great importance is that a jury receive a proper definition of "reckless disregard," to which they can readily apply a factual situation. It is the opinion of this Court that this definition so provides a jury with such an instrument. However, it might be noted that the words "reckless disregard of the safety of others" should be substituted for the words "culpable negligence."

▇ Finally, we are of the opinion that the defendant's conviction must be affirmed. In regard to the defendant's contention that the evidence was insufficient to sustain the conviction under this statute, the following comments by the trial court at the formal sentencing of the defendant are particularly appropriate:

".  .  . It's a simple case, a most simple case, a very basic fact, circumstance, which indeed must be examined by a sworn trier of fact to determine whether all the circumstances added up would indicate a violation of a specific statute, and it's not the judge's position to be the trier of fact once there is sufficient evidence to indicate that the State should be allowed to have the jury decide or consider those facts in any light of that statute, and when I ruled on the Demur, (sic) I considered the facts. There was an obvious showing that the defendant did indeed not see the boy on the motor-cycle. Therefore, I must from that assume that he did not look carefully enough to see the boy because there was nothing to obstruct his view, he was going at a very slow pace. There is evidence that he did not even apply his brakes. When he stopped in the private drive, he did turn across an oncoming lane, without contradiction, did directly turn into the path of the deceased. To me, what it revolved down to, was a simple question, was the inattentive driving of the defendant under the facts and circumstances which were in evidence at that location, at that time of day, on that day, sufficient for the triers of the fact to conclude that he was in reckless disregard for the safety of the boy who was killed, and I conclude that there was evidence of negligence. I concluded from listening to the case presented by the State that there was as much evidence as I have ever seen in any case, that negligence was indeed committed. That the defendant either through inadvertence or oversight or inattention or being himself queried at the time as to where he was, or what he was particularly doing, did not pay the attention that a driver on a highway should pay under those circumstances. .  .  . " (Transcript of Sentencing pages 7–8)

The jury in the instant case was given an instruction defining reckless disregard in a context which required them to find a greater degree of negligence than that which we have herein prescribed as necessary. Undoubtedly, such an instruction operated to the benefit of the defendant. Under these circumstances, we must conclude that it is not the policy of this Court to interfere with the verdict of the jury.

Based on the foregoing reasons, the judgment and sentence is, hereby, *AFFIRMED.*

BRETT, P. J., and BLISS, J., concur.